19213—State ex rel, Charles F. Miller, v. Herman R. Witter, director of industrial relations. In mandamus. Writ allowed. Dock. 6-17-25; 3 Abs. 401.

19261—State, ex rel Carmody, v. Charles L. Justice, judge, in prohibition. Demurrer to petition sustained and writ denied. Dock. 7-29-25; 3 Abs. 451; OS. Pend. 3 Abs. 549.

19325—State ex Radebaugh-Graham Co., v. George F. Schlesinger, director of highways, etc. In mandamus. Dismissed by plaintiff without record. Dock 9-2-25; 3 Abs. 530.

19415—James Watkins v. State of Ohio, Mahoning. Dismissed. No constitutional question. Dock. 11-13-25; 3 Abs. 722; OS. Pend. 4 Abs. 44.

### MOTION DOCKET

19279—Doehler Die Casting Co. v. Anna B. McNeely. Motion for Lucas Appeals to certify. Overruled. Dock. 7-21-25; 3 Abs. 466; OA. 3 Abs. 559; OS. Pend. 3 Abs. 567.

19415—James Watkins v. State of Ohio. Motion by defendant to dismiss petition in error as of right. Motion sustained. Dock. 11-13-25; 3 Abs. 722; OS. Pend. 4 Abs. 44.

19459—New Amsterdam Hotel Co. v. Max E. Sable. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-7-25; 3 Abs. 762; OS. Pend. 4 Abs. 29.

19471—Max E. Spitz v. H. A. Warman et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-11-25.

19474—Elsworth Ryan v. State of Ohio. Motion for Muskingum Appeals to certify. Overruled. Dock. 12-11-25.

19475—Ernest F. Renfro v. State of Ohio. Motion for Muskingum Appeals to certify. Overruled. Dock. 12-11-25.

19476—Cinderella M. Lang v. Lima Hospital Society. Motion for Allen Appeals to certify. Overruled. Dock. 12-11-25.

19478—State of Ohio v. Otis McClish. Motion to file petition in error to Paulding Appeals. Overruled. Dock. 12-11-25.

19479—Board of Education of Shaker Heights village school district v. State of Ohio ex rel. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 12-11-25.

19483—J. C. Scott v. Penn.-Ohio Electric Co. Motion for Trumbull Appeals to certify. Overruled. Dock. 12-12-25.

19500—Catherine Bowers v. Francis Bowers. Motion for Hamilton Appeals to certify. Allowed. Dock. 12-19-25; 4 Abs. 24; OA. 4 Abs. 4.

19509—Lake Shore Elect. Ry. Co. v. Public Utilities Commission of Ohio. Motion by Buckeye Special Transit Co. to be made defendants. Allowed. Dock. 12-23-25; 4 Abs. 24.

19521—Frances Shreve Dantel v. Robert Poe Dantel. Motion for Portage Appeals to certify. Overruled. Dock. 12-30-25; 4 Abs. 24.

19525—George Moore, v. J. S. Shaffer et. Motion for Greene Appeals to certify. Overruled. Dock. 1-2-26; 4 Abs. 24.

19526—Claud B. Bivin v. Jennie M. Court. Motion for Huron Appeals to certify. Overruled. Dock. 1-2-26; 4 Abs. 24; OS. Pend. 4 Abs. 62.

19535—Ohio Bell Telephone Co. v. Domenico Cennamo et al. Motion for Franklin Appeals to certify. Overruled. Dock. 1-5-26; 4 Abs. 40; OS. Pend. 4 Abs. 43.

19550—Nick Amster v. Herman Freedlander et. Motion for Wayne Appeals to certify. Overruled. Dock. 1-9-26; 4 Abs. 56.

19552—Miller's Mutual Fire Insurance Association of Illinois v. Ohio and Michigan Paper Co. Motion for Lucas Appeals to certify. Overruled. Dock. 1-9-26; 4 Abs. 56; OS. Pend. 4 Abs. 95.

19557—Tim Cuthbertson v. State of Ohio. Motion for Jefferson Appeals to certify. Overruled. Dock. 1-11-26; 4 Abs. 56.

# Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI

#### No. 137

No. 19089—The Toledo, Fostoria & Findlay Railway Company v. The Toledo & Ohio Central Railway Company. Error to the Court of Appeals of Lucas county.

677. JUDGMENTS—Former judgment is bar to subsequent action unless new conditions or later change in the law intervene.
DAY, J.

Unless new facts or conditions, or a subsequent change in the law, have intrvened, whereby the legal relations of parties, fixed by a prior judgment, are changed, such former judgment constitutes a bar to a subsequent action.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Allen and Kinkade, JJ., concur. Robinson, J., concurs in the syllabus, but not in the judgment.

#### No. 138

No. 19261—The State, ex rel B. Alfred Carmody et al., v. Charles L. Justice, as Judge, etc., et al. In Prohibition.

960. PROHIBITION—Where court has full jurisdiction of subject matter in a pending action, writ of prohibition to prevent anticipated erroneous judgment will not be granted.
MATTHIAS, J.
1. The function of a writ of prohibition is to restrain inferior courts and tribunals from exercising jurisdiction beyond that legally conferred and it will be awarded only when there is no other available adequate remedy.

2. Where a court has full and complete jurisdiction of the subject matter of an action therein pending a writ of prohibition will not be awarded to prevent an anticipated erroneous judgment. An adequate remedy is available by proceeding in error.

Writ denied.

Jones, Day, Allen, Kinkade and Robinson, JJ., concur.